UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
RAMONA DEFRANK,                             :
                                            :
                          Plaintiff,        :        **SUMMARY ORDER**
                                            :
            -against-                       :        **26-CV-77 (DLI)(MMH)**
                                            :
JETBLUE AIRWAYS CORP.,                      :
                                            :
                          Defendant.        :
------------------------------------------------------------------ x
**DORA L. IRIZARRY, United States District Judge:**

On December 6, 2025, Ramona Defrank ("Plaintiff") filed a verified complaint ("Complaint") in New York State Supreme Court, Queens County ("state court") against JetBlue Airways Corp. ("Defendant") alleging negligence claims arising from injuries Plaintiff sustained on an international flight operated by Defendant. *See*, Notice of Removal ("Notice"), Dkt. Entry No. 1 at 7. On January 6, 2026, Defendant timely removed the action to this Court, invoking the Court's federal question subject matter jurisdiction. *See*, Notice, Dkt. Entry No. 1, ¶¶ 3, 7 (citing 28 U.S.C. §§ 1331, 1441(a)).

On January 7, 2026, Plaintiff moved to remand this action to state court on several grounds. *See generally*, Remand Mot., Dkt. Entry No. 7. As relevant here, Plaintiff asserts that removal was improper because: (1) the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, *reprinted in* S. Treaty Doc. 106-45 (2000) (hereinafter, the "Montreal Convention") cannot provide a basis for removal pursuant to 28 U.S.C. § 1331; and (2) JetBlue's Notice of Removal incorrectly states that the Complaint was filed in Kings County, instead of Queens County. Defendant opposes on the grounds that the Complaint states a federal cause of action on its face through reference to the Montreal Convention, completely preempting Plaintiff's state law negligence claims.

*See*, Opp. Mot., Dkt. Entry No. 12.  For the reasons set forth below, Plaintiff's motion is denied as the Court has subject matter jurisdiction over this action.

<strong>DISCUSSION</strong>

**I.      Legal Standard**

"The federal removal statute permits, in relevant part, the removal of a civil action of which the district courts of the United States have original jurisdiction."  *Springer v. Parker Jewish Inst. for Healthcare & Rehabilitation*, 2023 WL 2330047, at *2 (E.D.N.Y. Mar. 2, 2023) (citing 28 U.S.C. § 1441(a)) (internal quotation marks omitted).  Removal jurisdiction must be strictly construed, and the burden of proof lies with the party asserting jurisdiction.  *See*, *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

A claim arises under federal law if "a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998).  Thus, a case cannot be removed to federal court solely "on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).  However, "[a] statute may have such extraordinary preemptive force that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."  *Mateo v. JetBlue Airways Corp.*, 847 F. Supp.2d 383, 386 (E.D.N.Y. 2012) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)) (internal quotation marks omitted).

## II.    Analysis

Plaintiff's primary argument is that the Montreal Convention, while it "may limit liability, may govern damages, and may be raised as a defense," does not completely preempt state common law negligence claims and thus does not provide a basis for removal.  *See*, Remand Mot., Dkt. Entry No. 7, ¶¶ 18-24.  The argument is meritless. Several courts in this circuit have held that personal injury claims arising from an international flight are completely preempted by the Montreal Convention.  *See, Canela v. JetBlue Airways Corp.*, 2023 WL 1801996, at *1 (E.D.N.Y. Feb. 7, 2023) (holding that injuries sustained while boarding a flight from New York to the Dominican Republic were completely preempted by the Montreal Convention).  *See also*, *Mateo*, 847 F. Supp.2d at 387 (collecting cases).

It is undisputed that Plaintiff's claims arise pursuant to the Montreal Convention, as Plaintiff alleges Defendant's negligence caused her to be burned by a hot beverage during an international flight from New York to the Dominican Republic.  *See*, Notice, Dkt. Entry No. 1, ¶ 23.  *See also*, *Canela*, 2023 WL 1801996, at *2.  Indeed, Plaintiff explicitly alleges in the Complaint that her "transportation and causes of action may be subject to and arise under" the Montreal Convention.  *See*, Remand Mot., Dkt. Entry No. 7, ¶¶ 14, 17.[1]  Accordingly, Plaintiff's state common law claims for negligence are completely preempted by the Montreal Convention and the Court properly maintains subject matter jurisdiction over this action.

---

[1] Plaintiff also cites to the "Warsaw Convention" in the Complaint. However, because the Montreal Convention "unifies and replaces the system of liability that derives from the Warsaw Convention," the Court need only address whether subject matter jurisdiction is appropriate under the Montreal Convention. *See*, *Ehrlich v. Am. Airlines, Inc.*, 360 F.3d 366, 372 (2d Cir. 2004).

3

Plaintiff's remaining argument that remand is proper because Defendant erroneously stated that the underlying Complaint was filed in Kings County instead of Queens County is unavailing, as both counties are within this district's jurisdiction. *See*, Remand Mot., Dkt. Entry No. 7, ¶¶ 15-17. Plaintiff cites no authority to support the assertion that such a minor error in a Notice of Removal warrants remand where the Court has subject matter jurisdiction over the pending action. Accordingly, Defendant has sustained its burden in demonstrating that Plaintiff's claims arise pursuant to federal law, and the motion to remand is denied.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion to remand is denied.

SO ORDERED.

Dated: Brooklyn, New York
     March 9, 2026

                                /s/
                           DORA L. IRIZARRY
                 United States District Judge